**GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY, Appellant,**

v.

**DUVAL CONNECTING RAILROAD COMPANY, Appellee.**

No. 20383.

United States Court of Appeals Fifth Circuit.

Nov. 13, 1963.

Seddon G. Boxley, Washington, D. C., H. P. Osborne, Jr., Jacksonville, Fla., Henry L. Walker, William D. McLean, Washington, D. C., Mathews, Osborne & Ehrlich, Jacksonville, Fla., of counsel, for appellant.

John S. Cox, Jacksonville, Fla., Richard A. Hollander, Richmond, Va., Louis Kurz, Henry F. Martin, Jacksonville, Fla., Kurz, Toole, Maness & Martin, Jacksonville, Fla., Cox, Grissett, MacLean & Webb, Jacksonville, Fla., of counsel, for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and MORGAN, District Judge.

PER CURIAM.

The appellee, Duval Connecting Railroad Company, here called Duval, is a corporation of Florida with its stock equally divided between the Seaboard Air Line Railroad Company, herein designated as Seaboard, and the Atlantic Coast Line Railroad Company, herein referred to as Coast Line. It is planned by Duval and, we may say, by Seaboard and Coast Line, that Duval will construct, at a cost of about $20,000,000 upon a tract of land in Duval County, Florida, about five miles in length, a classification and switching yard to be used by or for the two stockholding companies and which will replace inadequate existing facilities in the Jacksonville, Florida, area now separately owned and operated by Seaboard and Coast Line. Duval acquired most of the tract through negotiated purchases. It sought to acquire the remainder by condemnation in a suit brought in the Circuit Court of Duval County, Florida. One of the parcels in the condemnation suit was owned by Georgia Industrial Company and it is one of the defendants in that cause. Equitable ownership of this parcel is claimed by the appellant, Georgia Southern and Florida Railway Company, here called G. S. & F.

A suit was brought by G. S. & F. in the Jacksonville Division of the Southern (now Middle) District of Florida, against Duval, seeking to enjoin the continuing of the condemnation proceeding and to restrain Duval from constructing the proposed trackage facilities without obtaining a Certificate of Public Convenience and Necessity from the Interstate Commerce Commission. Through the maze of trackage proposed by Duval, G. S. & F. has delineated a line of rail which it refers to as a connecting track and

which it contends will be a "new line of railroad within the meaning of Section 1(18) of the Interstate Commerce Act,[1] the construction of which without a Certificate is prohibited.

The district court, after a full hearing, made its findings of fact and conclusions of law that the proposed facility was not a new line or an extension within the Act, and no Interstate Commerce Commission Certificate was required. In stating our agreement with its determination, we think it unnecessary to make any detailed recitals of the evidentiary facts or to set forth the well settled and controlling principles of law. The judgment that the facility could be constructed without the procurement of a Certificate and authorizing Duval to continue its condemnation suit is

Affirmed.

---

1. "No carrier by railroad subject to this chapter shall undertake the extension of its line of railroad, or the construction of a new line of railroad, or shall acquire or operate any line of railroad, or extension thereof, or shall engage in transportation under this chapter over or by means of such additional or extended line of railroad, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity require or will require the construction, or operation, or construction and operation, of such additional or extended line of railroad, * * *."